UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO GONZALEZ,

    Plaintiff,

vs.

YASCAR ENTERPRISE, INC.
d/b/a TIN CUP,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ROBERTO GONZALEZ, (hereinafter "Plaintiff") through the undersigned counsel, hereby files this Complaint and sues YASCAR ENTERPRISE, INC. d/b/a TIN CUP (hereinafter referred to as "the Defendant"), for declaratory and injunctive relief, attorney fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND VENUE

1.     This Honorable Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202 and 2010 ADA Standards.

2. Venue is proper in this Court, the Southern Division, pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern District of Florida in that all the events giving rise to the lawsuit occurred in Broward County, Florida.

## PARTIES

3. Plaintiff, ROBERTO GONZALEZ is sui juris and is a resident of Miami-Dade County in the state of Florida. He is an individual with injuries to both of his hips resulting in impairment in motor and sensory function throughout his body. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching. Plaintiff requires the use of a walker at all times. At the time of Plaintiff's visit on October 14, 2016 to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. The Plaintiff personally visited the Defendant's facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though he would be classified as a "bona fide patron". Specifically, Plaintiff desired to visit the subject property as a potential consumer, but experienced difficulty due Defendant's failure to provide access to the restroom and bar area for disabled persons.

4. Plaintiff will avail himself of the services offered at the facility in the future, provided that the Defendant modify the Premises or modify its' policies and practices to accommodate individuals who use wheelchairs. Plaintiff frequently travels to the area wherein Defendant operates the subject facility to conduct various activities, including, but not limited to shopping and dining.

5. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

6. Defendant is authorized to conduct and is in fact conducting business within the state of Florida. Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property (hereinafter "Subject Facility") and/or the owner of the improvements where the Subject Facility which is the subject of this suit is located at 5050 SW 90th Avenue, Cooper City, Florida 33328 and/or also maintains and controls the Subject Facility. Specifically,

Defendant, YASCAR ENTERPRISE, INC. d/b/a TIN CUP, is the lessee of the Subject Facility and responsible for maintaining the public accommodation at the Subject Facility.

7. All events giving rise to this lawsuit occurred in the state of Florida, Broward County. Venue is proper in this Court.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "5"of this complaint as if fully stated herein.

9. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

10. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification

    standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

 i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

12. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith. The buildings and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

13. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

14. Plaintiff has visited the Subject Property, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Plaintiff experienced barriers to access due to the failure to provide access to the restroom and bar area for disabled persons. The barriers Plaintiff experienced are set forth violations are more specifically in paragraph 17.

15. Plaintiff intends to return within the next six months provided the Defendant modify the facility to enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore Plaintiff continues to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

17. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations experienced as a barrier to Plaintiff's access of the facility:

   a. failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1;

    b. failure to provide side grab bar in violation 2010 ADAAG §§ 604, 604.5, 609, 609.4;

    c. failure to provide rear grab bar in violation 2010 ADAAG §§ 604, 604.5, 609, 609.4;

    d. failure to provide a bar at the correct height above the finished floor or ground as required by 2010 ADAAG § 902.1, 902.3;

To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violations set forth in paragraph 17.

18. Subsequent to the date of Plaintiff's original visit to Defendants' Subject Property, an expert evaluated the violations and determined that the barriers referenced above violate the AADA. Furthermore, the evaluation determined the additional following violations exist at the subject property creating barriers for disabled persons:

    a. failure to provide a urinal designed for a disabled person where the rim height is no more than 17" from the finished floor in violation 2010 ADAAG §§ 605, 605.2.

19. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

20. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

22. All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA as the modifications can be easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

23. Upon information and belief the Defendant has the financial resources to make the necessary modifications.

24. Upon information and belief the Property has been altered since 2010.

25. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 17 and 18 can be applied to the 1991 ADAAG standards.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    A. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA.

    B. That this Honorable Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by

      individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff; and

E. That this Honorable Court award such other and further relief as it may deem necessary, just and proper.

Dated this 29th day of December, 2016.

                                                Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
5771 Johnson Street, Unit 3597
Hollywood, FL 33083
Telephone: (954) 282-1858
Service Email: service@advocacypa.com

By: */s/ Jessica L. Kerr*_____
JESSICA L. KERR, ESQ.
Fla. Bar No. 92810

By: */s/ Jaci R. Mattocks*_____
Jaci R. Mattocks, ESQ.
Fla. Bar No. 115765